AB 14577603.1.4-13

**STATE OF NORTH DAKOTA**
**County of Cass**

**DISTRICT COURT**
East Central Judicial District

Shawn Damberger,

Plaintiff,

v.

Equifax Information Services, LLC.,

Defendant.

**COMPLAINT**

Plaintiff, by and through his attorney, for his complaint against Defendant upon personal knowledge as to his own facts and conduct and on information and belief as to all other matters, states and alleges as follows:

## INTRODUCTION

1. Plaintiff Shawn Damberger (hereinafter "Plaintiff") is a victim of identity theft.
2. An unknown and unauthorized individual unlawfully used Plaintiff's personal information, including his social security number ("SSN") to use an Ally credit card in his name, which the debt was then sent to Portfolio Recovery.
3. Plaintiff filed an identity theft report with the Federal Trade Commission and notified Defendant of the identity theft and unauthorized use of his personal information.
4. As alleged herein, Defendant refused to investigate Plaintiff's claim of identity theft.
5. Plaintiff disputed the fraudulent Ally credit card on his credit report yet Defendant failed to conduct a reasonable investigation into Plaintiff's dispute, in violation of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §§ 1681 et seq.

AB14577603.1.5-13

6. Shawn Damberger, by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, injunctive relief, restitution, attorney fees, and costs, against Equifax Information Services, LLC., for violation of the Fair Credit Reporting Act 15 U.S.C. §§ 1681 et seq.

7. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

8. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

9. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

10. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendant named.

11. Unless otherwise stated, all the conduct engaged in by Defendant occurred in the State of North Dakota.

12. At all times relevant, Plaintiff was an individual residing within the State of North Dakota.

## FCRA

13. The FCRA, found at 15 U.S.C. § 1681, et. seq., was originally enacted in 1970. The express purpose of the FCRA was to require that consumer reporting agencies adopt

AB 14577603.1.6-13

and implement "reasonable procedures" for ensuring that credit information about a consumer was collected, maintained, and dispensed "in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information…" FCRA, 15 U.S.C. § 1681(b); *Safeco Ins. Co. of Am. V. Burr (2007)* 551 U.S. 47, 127 S.Ct. 2201, 2205. The congressional findings noted that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with of fairness, impartiality, and respect for the consumer's right to privacy."[1] The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, who are called "furnishers."[1]

14. Under the FCRA, the term "consumer report means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer."

**JURISDICTION AND VENUE**

15. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1681p (FCRA), 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

16. This action arises out of Defendant's violation of the FCRA.

---

[1] FCRA, 15 U.S.C. § 1681(a)(4)

AB 14577603.1.7-13

17. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

**PARTIES**

18. Plaintiff is a natural person who resides in the city of Fargo, County of Cass, State of North Dakota. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1681a(c).

19. Defendant Equifax Information Services, LLC (hereinafter "Equifax") is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

20. Equifax Information Services, LLC ("Equifax") is a nationally recognized agency (CRA) registered in the State of Georgia with a service of process address listed as 418 N 2nd Street, Bismarck, ND 58501.

**FACTUAL ALLEGATIONS**

21. Plaintiff is an individual residing in the city of Fargo, County of Cass, State of North Dakota.

22. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted and continue to conduct business in the State of North Dakota.

23. Plaintiff is a victim of identity theft.

24. Plaintiff is 55 years old.

25. In November of 2024, Plaintiff discovered that he was a victim of identity theft and he had several transactions from China and Mexico on his Ally credit card. He promptly called the credit card company to resolve the fraudulent charges but it

AB 14577603.1.8-13

continued to report the credit card with the balance from the fraudulent charges and with late payments despite making payments on time.

26. In November 2025, Plaintiff discovered that the fraudulent balance was still reporting on his credit report and the credit card had been charged. It was then sold off to Portfolio Recovery. On December 3, 2025, Plaintiff made an identity theft report through the Federal Trade Commission and reported that her identity had been stolen, that someone had used his credit card to make purchases.

27. Plaintiff disputed the account to Equifax via certified mail on or around December 3, 2025. The dispute included a copy of the Federal Trade Commission Identity Theft Report and notified Defendant that Plaintiff was a victim of identity theft regarding the Discover account she was disputing.

28. The account was not removed from her credit reports, but rather were "verified" as accurate by Ally and Portfolio.

29. Equifax did not block the account from Plaintiff's credit file even after receiving the December 3, 2025, dispute.

30. Plaintiff requested and demanded that Equifax remove the fraudulent debt to Plaintiff's credit report. Equifax has failed and refused to do so.

31. Plaintiff did not consent to the use of her personal information to open the fraudulent Discover account.

**ACTUAL DAMAGES**

32. As a result of Defendant's actions, omissions, and inaction, Plaintiff has suffered damage in the form of pecuniary loss, damage to credit, invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and

AB 14577603.1.9-13

feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendant's reporting of inaccurate and derogatory information, without success, including but not limited to time loss, and charges for postage.

33. Plaintiff's injuries are concrete. Defendant's conduct of reporting inaccurate and derogatory information is analogous to the common law tort of defamation. Furthermore, Congress enacted the FCRA to protect consumers from precisely the conduct described in this Complaint. Congress found that the banking system is dependent upon fair and accurate credit reporting; and that, inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Consequently, the FCRA was enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The alleged transgressions by Defendant would, if left unchecked in a competitive marketplace, naturally propagate had Congress not created laws to give vulnerable consumers a voice and a mechanism for private enforcement.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

AB 14577603.1.10-13

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681C-2)(A)**

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Defendant violated 15 U.S.C. § 1681c-2(a) when it failed to block the reporting of information in Plaintiff's consumer file that Plaintiff identified as having resulted from an alleged identity theft within 4 days of receipt of proof of identity, ID theft report, identification of the ID theft related information, and a statement from Plaintiff that the information is not related to any transaction made by Plaintiff.

36. The conduct, actions and inactions by Defendant were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

37. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**COUNT II**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681I(A)(1)**

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Defendant violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and

AB 14577603.1.11-13

record the current stated of the disputed information or delete the item from the Plaintiff's credit files.

40. The conduct, actions and inactions by Defendant were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Defendant was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

**COUNT III**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681I(A)(4)**

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The conduct, actions and inactions by Defendant were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Defendant was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

43. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant in an amount determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**COUNT IV**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681I(A)(5)(A)**

44. Plaintiff incorporates by reference fall of the above paragraphs of this Complaint as though fully stated herein.

AB 14577603.1.12-13

45. Defendant violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon an accurate reinvestigation.

46. The conduct, actions and inactions by Defendant was willful, rendering Defendant negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

47. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. statutory damages in an amount up to $1,000.00 per violation per plaintiff, pursuant to 15 U.S.C. §1681n;

c. Injunctive relief prohibiting such conduct in the future;

d. Reasonable attorney's fees, litigation expenses, and cost of suit; and

e. Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY IS DEMANDED

48. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 3, 2026 **MINNDAK LAW, PLLC**

AB 14577603.1.13-13

/s/Catrina Smith
Catrina Smith (#0403229)
625 Main Ave, Suite 152
Moorhead, MN 56560
701.840.6993
Csmith@minndaklaw.com
ATTORNEY FOR PLAINTIFF

CERTIFIED MAIL™

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
LETTERSTREAM

003 GTQVAP1 58501